UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALD WILLIAM HYDE ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:12-0363 |
| ] | Judge Campbell |
| SHAW VENDING, et al. ] | |
|     Defendants. ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Shaw Vending Company and Warden Liebach, seeking injunctive relief.

The plaintiff challenges conditions of his confinement at the Detention Facility. More specifically, the plaintiff complains that inmates are required to pay sales tax on items purchased at the commissary. In addition, he believes that prices are too high on items sold in the commissary.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The plaintiff has failed to show that, as a prisoner, he is

exempt from sales tax charged to items he purchases at the commissary. Nor has the plaintiff shown that he is entitled to purchase items from the commissary at a particular price. Thus, the plaintiff has failed to allege conduct implicating the violation of a constitutional right.

In the absence of a constitutional deprivation, the plaintiff is unable to prove every element of a § 1983 cause of action. The plaintiff, therefore, has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                       _____
                                       Todd Campbell
                                       United States District Judge